IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN KAMINSKI, | ) |
| | ) |
| Plaintiff, | ) Civil Action 2:23-783 |
| | ) |
| vs. | ) |
| | ) |
| WHITE DEER RUN INPATIENT REHAB, et al., | ) |
| | ) |
| Defendants. | ) |

**TRANSFER ORDER**

I. Relevant Procedural Background

On May 16, 2023, this Court received the above-captioned case by way of transfer from the United States District Court for the Northern District of New York. In the Memorandum Decision and Order transferring the case, the court stated that Plaintiff John Kaminski alleged that he was assaulted while in treatment at the White Deer Run Inpatient Rehab facility in Williamsburg, Pennsylvania; that the other defendants (the CEO of White Deer Run and medical director Dr. Wilson) were employees of White Deer Run who were also located in Williamsburg, Pennsylvania; that Williamsburg, Pennsylvania is located in the Western District of Pennsylvania; and that the alleged events occurred in this district. (ECF No. 13.) Based on these findings, the New York district court transferred the case to this district.[1]

After the transfer, the Court conducted a routine investigation in order to confirm that this case was appropriately transferred to the Western District of Pennsylvania. In doing so, it confirmed that there is no "White Deer Run Rehab" facility in Williamsburg, Pennsylvania.

---

[1] The Complaint identifies the defendants as located in Williamsburg. However, as discussed below, Plaintiff attempted to effect service at a White Deer Run facility located in Allenwood, Pennsylvania.

Notably, there is a White Deer Run facility in Allenwood, Pennsylvania and, according to that organization's website, the staff's medical director is Dr. Barclay Wilson. See https://www.whitedeerrun.com/about/staff/ (last visited on June 21, 2023).

In order to clarify matters, and because Plaintiff had not submitted various documents needed to proceed with his case, a deficiency order was entered on May 17, 2023 (ECF No. 15) which directed him to provide service documents and certain other materials by June 20, 2023. Based on the deficiencies noted in the order, the Clerk of Court was directed to mark this case closed. It was further ordered that Plaintiff could reopen this case by satisfying the outlined deficiencies on or before June 20, 2023.

On June 20, 2023, the Court received service documents from Plaintiff. These documents stated that Plaintiff was suing a White Deer Run facility located at "360 White Deer Run Road, Allenwood, PA 17810."[2] The service documents prepared by Plaintiff also identified the place of service of the CEO of White Deer Run and Dr. Wilson in Allenwood, PA.

Because of continuing uncertainty about where Plaintiff alleges that the incidents at issue occurred or the location of the named defendants, the Court issued an Order on July 5, 2023 that directed Plaintiff to clarify the location of the facility where he was a patient. As stated in the order, Plaintiff was asked to file a Notice stating whether the facility in which he was in inpatient during the events described in the Complaint is in Williamsburg or Allenwood.

---

[2] These documents have been placed on the docket so that they may be accessed (ECF No. 16). In addition, the Clerk's Office received a partial payment in the amount of $3.60 from Wyoming Correctional Facility, the correctional institution where Plaintiff is incarcerated. This payment will not be processed and will be returned to the prison so that it can be forwarded to the Clerk of Court for the Middle District of Pennsylvania after this case has been transferred.

Plaintiff's Notice was filed on July 18, 2023 (ECF No. 18). In his Notice, he states that "the correct address of the Complaint should have been Allenwood, PA, and further, that the "incident occurred" at the "White Deer Run Rehab in Allenwood, PA." (*Id.*)

II. <u>Analysis</u>

The Court of Appeals for the Third Circuit has held that:

> 28 U.S.C. § 1915 contains no express authorization for a dismissal for lack of venue. In the absence of any such statutory authority, it is inappropriate for the trial court to dispose of the case sua sponte on an objection to the complaint which would be waived if not raised by the defendant(s) in a timely manner.

*Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (footnotes omitted). The court has also held that 28 U.S.C. § 1406(a), which allows for the dismissal or transfer of a case based on improper venue, must be read in context with § 1406(b), which states that: "Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to the venue." *Henderson v. Keisling*, 341 F. App'x 769, 770 (3d Cir. 2009). For these reasons, a "district court may not dismiss a case sua sponte for improper venue absent extraordinary circumstances." *Fiorani v. Chrysler Grp.*, 510 F. App'x 109, 111 (3d Cir. 2013) (quotation omitted). Although these cases involved erroneous dismissals under § 1406(a), there is no principled basis for distinguishing an improper transfer from an improper dismissal under the same statute.

Indeed, given that improper venue is an affirmative waivable defense, it would be inappropriate for a district court to sua sponte raise the issue of improper venue and then transfer the case pursuant to 28 U.S.C. § 1406(a). *See Farley v. Cernak*, 2016 WL 162238, at *3 (E.D. Pa. Jan. 13, 2016).[3]

---

[3] The court in New York held that a transfer under § 1406(a) may be made undertaken by a court sua sponte, citing *Reed v. Pfizer, Inc.*, 2022 WL 16857316, at *2 (E.D.N.Y. Sept. 28, 2022).

On the other hand, even where venue is proper, the Court may still transfer the case to another jurisdiction pursuant to 28 U.S.C. § 1404(a). The statute provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Such transfers may be made sua sponte. *See Amica Mutual Ins. Co. v. Fogel*, 656 F.3d 167, 180 (3d Cir. 2011); *Bank Express Int'l v. Kang*, 265 F. Supp. 2d 497, 508 n.12 (E.D. Pa. 2003).

In this case, as after-acquired information has confirmed, the New York district court's conclusion that this matter should be transferred to the Western District of Pennsylvania has proven to be mistaken. Indeed, there does not appear to be any relationship between Plaintiff's claim or the named defendants and this district. As Plaintiff has now clarified, the White Deer Run facility where the incident occurred is located in Allenwood, Pennsylvania, as are the named defendants. Allenwood is located in Union County, which lies within the Middle District of Pennsylvania. 28 U.S.C. § 118(b).

Therefore, even assuming that venue could properly be placed in this District, there is no question that this action "might have been brought" in the United States District Court for the Middle District of Pennsylvania and that venue would more appropriately be placed in that district.

AND NOW, this 18th day of July, 2023, it is ORDERED that, for the convenience of parties and witnesses and in the interest of justice, this case is transferred to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

---

However, that case ultimately relied on a case holding that, after the defendant moved to dismiss for lack of personal jurisdiction, the court could sua sponte raise the issue of lack of venue and transfer the case as opposed to dismissing it. *See Pisani v. Diener*, 2009 WL 749893, at *8 (E.D.N.Y. Mar. 17, 2009). That is not the situation here and as explained in the text, the Third Circuit has never expressly approved of courts raising improper venue sua sponte under § 1406(a).

BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

Cc: John Kaminski
23-B-1023
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 14011-0501

5